UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

M A R O L A X     H A N D E L S - U N D
VERWALTUNGSGESELLSCHAFT MBH,

        Plaintiff,

vs.                     Case No.  2:06-cv-691-FtM-29SPC

898 5TH AVENUE SOUTH CORP.,

        Defendant.
_____

## OPINION AND ORDER

_____This matter comes before the Court on defendant's Amended Objections to Report and Recommendation (Doc. #48), filed on November 26, 2007, to the Magistrate Judge's Report and Recommendation (Doc. #34)[1] recommending that plaintiff's Request for Recognition of an Out-of-the-Country Foreign Money Judgment be granted.  Plaintiff filed a Response (Doc. #49) on November 30, 2007.

### I.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1);  Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make

---

[1]On October 12, 2007, the undersigned converted the Magistrate's dispositive Order (Doc. #34) into a Report and Recommendation to consider objections thereto.

a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong. § 2 (1976)). Even in the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

## II.

On April 6, 2006, Marolax Handels-Und Verwaltungsgesellschaft MbH (Marolax) applied for the issuance of a "dunning letter" against 898 Fifth Avenue South Corporation (898 Fifth Avenue). On April 27, 2006, the "dunning letter" was issued by the Local Court in Berlin and served on 898 Fifth Avenue by mail to Pestalozzistr. 66 in 10627 Berlin. On June 7, 2006, Marolax applied for a writ of execution, which was issued on June 30, 2006, and served on 898

-2-

Fifth Avenue care of Interbuilding and Marketing GmbH (Interbuilding) at Pestalozzistr. 66, 5th Floor, 10627 Berlin. (See Plaintiff's Exh. 1, certified translation.)   The writ of execution was amended with respect to the name of the general manager and served on 898 Fifth Avenue again at the same address on August 30, 2006.   Through a written statement, an attorney lodged an appeal from the dunning letter, tendered an objection against the writ of execution, and applied for reinstatement.   The Judge at the Regional Court in Munich found that Pestalozzistr. 66, 10627 Berlin was the address for Interbuilding, the domestic representative for service, that the statement of counsel for Marolax were contested with lack of knowledge, and that the authorization of counsel for 898 Fifth Avenue was contested.   The Judge decided that the objection must be dismissed because the time to object had expired, and that the allegation of 898 Fifth Avenue "that neither dunning letter nor writ of execution had been effectively served is neither apparent from the files nor was the ineffectiveness of the service substantiated in any way."   The Final judgment was signed and entered on December 7, 2006.   (See Plaintiff's Exh. 3, certified translation.)

On August 15, 2007, the Magistrate Judge conducted an evidentiary hearing.   (See Doc. #43.)   The facts presented at the hearing are as follows:   Olaf Prudoehl, a former officer and

current shareholder[2] of Marolax, testified.  Mr. Prudoehl used to reside at 10627 Berlin, Pestalozzistrasse, 66 until August 2006. Mr. Prudoehl testified that the bases for the judgment are contracts from December 12, 2002, and December 13, 2002, between Gatehouse Corporation and Marolax, when he was the general manager or president of Marolax in Berlin.  Mr. Prudoehl signed on behalf of Marolax.  Plaintiff's Exhibit 5 is an Addendum to the Agreement, dated December 13, 2002 in Berlin.  It states that Hanns-Jürgen Schache is the owner of Gatehouse Corporation and appoints InterBuilding and Marketing GmbH. Lehderstr. 66b, 13086 Berlin as the person authorized to accept service.  The laws of Florida apply to the Agreement but the Addendum is subject to German law and Munich, Germany is the stipulated venue.  Plaintiff's Exhibit 7 is the Agreement and dated December 12, 2002 in Berlin.  It provides for the transfer of the mortgage and promissory note on 898 Avenue South from Gatehouse Corporation to Marolax as security for construction financing.

Mr. Prudoehl was the general manager for Interbuilding from 1994 through December 2004, at 10625 Berlin, Pestalozzistrasse 66. Mr. Prudoehl sold his shares in Interbuilding in 1995, and to his knowledge Ms. Suzanne Schache is the current shareholder.  Mr. Prudoehl testified that he continued to receive mail at the Pestalozzistrasse address after surrendering his position as

---

[2]Mr. Prudoehl later testified that he in fact owned all of the shares in Marolax.

general manager.  The mail would be forwarded to Ms. Schache by regular mail, with a letter, including a letter from the Berlin court addressed to Interbuilding.  In the summer of 2006, after receiving the correspondence, Mr. Prudoehl and Ms. Schache talked. During the conversation she said she was not interested in the letter and that Marolax should settle its claims in the United States.  Ms. Schache disputes having the telephone conversation.

Marolax filed suit against 898 Fifth Avenue because the contracts for construction financing for Interbuilding were not satisfied.  Two suits were filed, one in Berlin and one in Coburg, although the Coburg one was voluntarily withdrawn.  Service was effected on 898 Fifth Avenue at the Pestalozzistrasse address where Mr. Prudoehl was residing and where Marolax was located because the Lehderstrasse address for Interbuilding no longer existed.  Mr. Prudoehl later testified on redirect that it did still exist.

Suzanne Schache testified that she owns all the shares for 898 Fifth Avenue Corporation, and is the CEO.  Ms. Schache states that she had not had contact with Mr. Prudoehl since 2002, and denies that they had a phone conversation in 2006 because she is unlisted. Ms. Schache also expressed that if she had received a dunning letter, there is an attachment that she would have filled out and returned to Berlin or Coburg stating that it was not being accepted, but she would not have returned it to Mr. Prudoehl.  Ms. Schache testified that she was not aware of her part ownership in Interbuilding until her ex-husband filed a lawsuit against her to

get payment for 50% of the shares he transferred to her in 1997. Ms. Schache testified that there was a contract in Germany of which they sent her the last page to have her signature notarized and returned "for the kids."  The ownership of Interbuilding is an ongoing law suit in Germany, and Ms. Schache has been unable to obtain the records for Interbuilding from Mr. Prudoehl because he said there is no current general manager and as the former general manager he is required to keep the documents.

Ms. Schache testified that the first time she saw the December 2002 contracts was approximately six months after her divorce and probably at the end of 2004 or 2005 when she tried to sell the building which is owned by Gatehouse Corporation n/k/a 898 Fifth Avenue South Corporation.  Ms. Schache found out about her ownership of Interbuilding at that time.  Ms. Schache testified that she owns Gatehouse Corporation by virtue of her ownership of Interbuilding and is a shareholder of Gatehouse Corporation.  Ms. Schache has not appointed a new general manager for Interbuilding because she is still disputing ownership of Interbuilding in a suit in Munich, Germany, and considers herself a mere shareholder, which she only discovered after the divorce.

In 2002, Ms. Schache sent a letter to a bank in Munich asking them to send bank statements to Mr. Prudoehl in Berlin because he was managing her real estate in Munich.  Mr. Prudoehl and Interbuilding managed Ms. Schache's rental income.

Ms. Schache moved to Munich, Germany in 2002 and has resided there ever since.  She holds a permanent residence alien card but only visits the United States for court hearings.

### III.

Defendant argues that the Court lacks subject-matter jurisdiction, the German court lacked personal jurisdiction over the defendant, defendant was not properly served and did not receive notice of the proceedings, the Berlin Court was not the proper venue to prosecute the underlying claim, and the Judgment was obtained by fraud perpetrated upon the Berlin Court.

### A.

The issue of subject-matter jurisdiction was addressed as a preliminary matter on June 4, 2007 by separate Order (Doc. #21). The Magistrate Judge found that diversity of jurisdiction was present and the amount in controversy was in excess of $75,000.00. Florida's Uniform Out-of-Country Foreign Money-Judgment Recognition Act ("the Recognition Act") Section 55.604(1) states that an out-of-country foreign judgment "shall be filed with the clerk of the court and recorded in the public records in the county or counties where enforcement is sought." FLA. STAT. § 55.604(1).  The Fort Myers Division is in the county where enforcement is sought, the parties do not dispute the applicability of FLA. STAT. § 55.604, and the Court has subject-matter jurisdiction over this case by virtue

of the parties' diversity and the amount in controversy. Therefore, this objection is overruled.

**B.**

Defendant argues that the German court did not have personal jurisdiction over 898 5th Avenue South Corporation because it is a Florida corporation with its principal place of business in Naples, Florida, it has no registered office or branch office in Germany, and it has never transacted business with any Germany entity. Additionally, defendant argues that neither the corporation nor its owner Susanne Schache participated in the signing of the contract or addendum which form the basis of the judgment.  The Magistrate Judge found that 898 Fifth Avenue submitted itself to the jurisdiction of the German court by voluntarily submitting to a German venue and German law under the 2002 contracts.

The contract and addendum were with Gatehouse Corporation, which is now known as 898 5th Avenue, Ms. Schache primarily resides in Germany, the registered agent for Gatehouse Corporation is in Germany, and Ms. Schache is at least a major shareholder in the registered agent and one of the parties to the contract and addendum.  The objection regarding personal jurisdiction is overruled.  Whether Ms. Schache signed the contract and/or addendum under false pretenses or did not sign the contract and/or addendum is not an issue before this Court.  By not addressing the basis for the Judgment except to note that no appeal from the final judgment was taken, the Magistrate Judge acted properly.  The validity of

the underlying Judgment was before the German court and is not subject to collateral attack in this recognition action.   The objection is overruled.

## C.

Defendant argues that she was not properly served with process and did not receive notice of the proceedings.   The Magistrate Judge found at least constructive knowledge of the proceedings based on the service of Interbuilding, and found that Ms. Schache chose not to respond.   The Court notes that the German court in Munich specifically heard the objection and found insufficient service "neither apparent from the files" or "substantiated in any way."   Having reviewed the testimony at the evidentiary hearing, this objection will be overruled.

## D.

Defendant argues that the Berlin Court was not the proper venue to prosecute the underlying claim.   The Magistrate Judge did not specifically address the issue of venue, however, it was noted that the final judgment was issued out of the Munich court. Although the "dunning letter" may have been initiated in Berlin, due to the proximity of the registered agent, the final judgment was issued by the Regional court in Munich.   Additionally, there is nothing in the record to indicate that defendant objected to the initial venue in Berlin because Ms. Schache declined to take

interest in the corporations for which she was a shareholder. Therefore, the objection will be overruled.

**E.**

Defendant argues that the Judgment was obtained by fraud perpetrated upon the Berlin Court. The Magistrate Judge noted that the German court had the opportunity to consider the fraud argument and rejected it. The Magistrate Judge further noted that the decision was not appealed. As previously noted, the purpose of the recognition action is not to reassess the merits of the underlying judgment. See Turner Entm't Co. v. Degeto Film GmbH, 25 F.3d 1512, 1521 (11th Cir. 1994)("international comity concerns favor deference to the German proceedings"). Therefore, the objection will be overruled.

After conducting an independent examination of the file and the transcript of the evidentiary hearing, and upon due consideration of the report and recommendation and the objections, the Court accepts the Report and Recommendation of the magistrate judge.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.    Defendant's Amended Objections to Report and Recommendation (Doc. #48) are **overruled** and the construed Report and Recommendation (Doc. #34) is **adopted.**

2.   Recognition is authorized and the Clerk shall provide plaintiff a certified copy of this Opinion and Order for recording in the public records of the county where enforcement will be sought.  FLA. STAT. § 55.604.

3.   Pursuant to the Uniform Out-of-country Foreign Money-Judgment Recognition Act, FLA. STAT. § 55.604(6), once recorded, the foreign judgment shall be enforceable in the same manner as the judgment of a court of the State of Florida.

4.   The Clerk shall terminate all deadlines and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of April, 2008.

_____
**JOHN E. STEELE**
United States District Judge

Copies:
Hon. Sheri Polster Chappell
Counsel of record