UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| MAROLAX HANDELS – UND VERWALTUNGSGESELLSCHAFT MBH, <br><br>Plaintiff, <br><br>v. <br><br>898 5TH AVENUE SOUTH CORP., <br><br>Defendant. <br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 2:06-cv-691-FtM-29SPC<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION FOR PROCEEDINGS SUPPLEMENTARY, TO IMPLEAD PARTIES AND FOR APPOINTMENT OF A RECEIVER**

Plaintiff/Judgment Creditor, Marolax Handels- und Verwaltungsgesellschaft mbH ("Marolax"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 69(a), 66 and Fla. Stat. §§ 56.29, hereby files this Motion for Proceedings Supplementary to Execution, to Implead Parties and for the Appointment of a Receiver, and in support thereof submits the following Memorandum of Law:

**PROCEDURAL AND FACTUAL BACKGROUND**

On April 16, 2008, Marolax obtained an Order of this Court recognizing a German money judgment against Defendant/Judgment Debtor, 898 5th Avenue South Corporation, in the amount of $6,517,868, inclusive of accrued interest. (See Doc. #51, 58.) On April 28, 2008, the Order, the German Judgment and a Judgment Lienholder's Affidavit were recorded in Collier County, where the Judgment Debtor

1

owns a commercial real property in the city of Naples. (See Doc. #54-2, 54-3, 54-4). A Writ of Execution in favor of Marolax against Judgment Debtor was issued on June 3, 2008. (Doc. #58). The Writ of Execution was served on Judgment Debtor on June 17, 2008. (Doc. #61). The full amount of the Judgment remains due and unsatisfied.

Marolax served Interrogatories in Aid of Execution as well as a Request for Production of Documents in Aid of Execution upon the Judgment Debtor and the Judgment Debtor has answered the Interrogatories (Doc. #75-2) and produced documents. It appears from the initial discovery that the Judgment Debtor has entered into a commercial lease with a New York company by the name of Provident Holding LLC. See Exhibit A.  According to that lease, payments of rents are due on the 15th of each month. Id.  However, although Writs of Garnishment were served on Provident Holding LLC (Doc. #74) as well as an alleged tenant by oral assignment, Provident Naples LLC (Doc. #73), on August 14, 2008, the respective Answers of the Garnishees claim no indebtedness to the Judgment Debtor during the time of service of the Writs and their Answers on August 29, 2008. See Doc. #71, 72.

Counsel for the Garnishees, who is also counsel for the Judgment Debtor, informed the undersigned in an e-mail that there had been an oral modification of the due dates of the rent and that records would show that rent payments had been made on that, undisclosed, modified date. Yet, the Judgment Debtors' Answers to Interrogatories do not reveal the existence of any bank account where rents could

have been received (see Doc. #75-2), nor did the Judgment Debtor produce any rent receipts or other evidence of rent payments in response to the Request for Production.

In addition, it appears from the initial discovery that the Judgment Debtor fails to file any Florida sales tax returns for any rent payments, nor has filed any corporate income tax returns in at least the last four (4) years. (See Doc. #75-2, p.6).

It further appears that the tenant, Provident Holding LLC, has entered into a contract with the Judgment Debtor to purchase its only corporate asset, the building in downtown Naples. See Exhibit B. Interestingly enough, the date of execution of this Contract for Sale, August 10, 2007, was the very day when Marolax took the deposition of the Defendant prior to the evidentiary hearing on August 15, 2007. And the Judgment Debtor waited another day for that evidentiary hearing to conclude before recording a Memorandum of Contract in the Official Records of Collier County on August 16, 2007. See id.  Provident was clearly well-aware of Marolax' foreign money judgment at the time it entered into this contract and both Provident and the Judgment Debtor have engaged in tactics to disguise any of the transactions until after the evidentiary hearing was concluded in order to thwart any opportunity of the Plaintiff to question the Judgment Debtor on the witness stand during trial. See id.

Furthermore, it appears from the lease that the amount of the rent charged to Provident as well as the length of the lease is commercially so unreasonable when compared to market conditions and the Judgment Debtor's previous rental practice

3

that one can only conclude that its sole purpose is to delay, hinder, or defraud the Judgment Creditor. See Exhibit A. The Second Amendment to the Sales Contract dated September 27, 2007 makes this conclusion even more apparent as Provident is even financing the legal cost of the Judgment Debtor in its efforts to further delay execution of this judgment. See Exhibit B, Second Amendment to Sales Contract, ¶6.

As a result of the foregoing, Marolax is entitled to Proceedings Supplementary as a matter of law to (1) examine the Judgment Debtor before this court, (2) determine the validity of the current commercial lease and sales contract with Provident, and (3) implead Susanne Schache, Provident Holding, LLC, and Provident Naples, LLC as additional defendants, including recovery of costs and attorney's fees pursuant to Fla. Stat. § 56.29(11).

Furthermore, Marolax seeks the appointment of a receiver to marshal the assets of the Judgment Debtor and prevent further dissipation of the sole corporate asset.

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 3.01(g), United States District Court, Middle District of Florida, counsel for Marolax certifies that prior to filing this Motion, he conferred with counsel for Judgment Debtor. Provided that Marolax has fulfilled its procedural conditions precedent, Counsel for Judgment Debtor has no objections as to Marolax'

entitlement to proceedings supplementary to examine Judgment Debtor. However, Counsel for Judment Debtor does object to the request for impleader and for the appointment of a receiver.

**MEMORANDUM OF LAW**

    A.    **Proceedings Supplementary**

Proceedings Supplementary is a post-judgment remedy by which a creditor may summarily discover and subject property belonging to a debtor to the satisfaction of his judgment. Proceedings Supplementary not only enable the judgment creditor to discover the assets subject to his judgment, but also allow the judgment creditor to subject these assets to his judgment by use of summary proceedings. See generally, Proceedings Supplementary, in Vol. 1, JUDGMENT ENFORCEMENT IN FLORIDA, 3 (Lorman Education Services, 2007).

The Federal Rules of Civil Procedure, Rule 69, allows judgment creditors to seek supplementary proceedings in order to enforce a judgment. This rule directs that the procedure on execution "shall be in accordance with the practice and procedure of the state in which the district court is held." Fed. R. Civ. P. Rule 69(a). In Florida the proceedings are governed by Section 56.29, Fla. Stat. (2008). General Trading Inc. v. Yale Materials Handling Corp., 119 F.3d 1485, 1496 n. 22 (11th Cir.1997).

Courts generally interpret the statute broadly and liberally to afford a

judgment creditor the most complete relief possible in satisfying his judgment. See Mejia v. Ruiz, 985 So.2d 1109, 1112 (Fla. 3d DCA 2008); Bleidt v. Lobato, 664 So.2d 1074 (Fla. 5th DCA 1995); Neff v. Adler, 416 So.2d 1240 (Fla. 4th DCA 1982); Puzzo v. Ray, 386 So.2d 49, 50 (Fla. 4th DCA 1980). For instance, §59.29(9) allows the Court to enter any order required to carry out the purpose of the statute to subject property, or property rights of any defendant to execution. Proceedings Supplementary may be used to set aside fraudulent transfers of the debtor's property to third persons, to pierce the corporate veil, and reach assets in the hands of individual stockholders. See Allied Indus. Int'l, Inc. v. AGFA-Gevaert, Inc., 688 F.Supp. 1516 (S.D. Fla. 1988), aff'd, 900 F.2d 264 (11th Cir.1990). The statute was designed to ensure that creditors have " 'a swift, summary disposition of issues,' while 'preserv[ing] the equitable character of both proceedings and the remedies available.' " Id. at 1517 (citations omitted).

In order to initiate Proceedings Supplementary, a judgment creditor need only allege by affidavit that it holds an unsatisfied writ of execution, that the execution remains valid and outstanding, and that the judgment creditor is entitled to Proceedings Supplementary to Execution. § 56.29(1), Fla. Stat. While simple to employ, the implications of Proceedings Supplementary are far reaching. Indeed, a judge may order any property of a judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt. § 56.29(5), Fla. Stat.

B. **Marolax is Entitled to Proceedings Supplementary**

Marolax is entitled to Proceedings Supplementary as a matter of law to examine the Judgment Debtor, implead its President and sole shareholder, Susanne Schache, who is in possession of corporate assets of the Judgment Debtor, and to implead Provident Naples, LLC and Provident Holding LLC, who are currently in possession of the sole real asset of the Judgment Debtor pursuant to a fraudulent transaction.

Marolax has filed the appropriate affidavit with this Court stating that the Writ of Execution has been issued, the execution remains valid and outstanding, and that the judgment creditor is entitled to Proceedings Supplementary to Execution. See Doc. #76-2, 77-2. Nothing else is required in order to obtain an Order for Proceedings Supplementary and to implead the third parties as defendants. See Regent Bank v. Woodcox, 636 So.2d 885, 886 (Fla. 4th DCA 1994); Rosenfeld v. T.P.I. Int'l Airways, 630 So.2d 1167, 1168 (Fla. 4th DCA 1993); Continental Cigar Corp.. v. Edelman & Co., 397 So.2d 957 (Fla. 3d DCA 1981).

C. **Proceedings Supplementary may be employed to Seize the Corporate Assets and determine rights of any Third Parties**

As set forth above, Proceedings Supplementary may be used to seize property of the judgment debtor in the hands of third persons, such as rent payments by the tenant in the hands of Susanne Schache or other third parties, or the Judgment Debtor's real property currently in possession of either Provident Holding,

LLC or Provident Naples, LLC, or other third parties, and to set aside any fraudulent transfers. Here, Marolax seeks to use Proceedings Supplementary to seize and obtain the rent payments due from any tenant of the Judgment Debtor, and also seeks an order of this Court setting aside the commercial lease and any other fraudulent transfer of rights to the property of the Judgment Debtor in order to restore the corporate asset to its full value and satisfy the valid judgment of Marolax.

In Allied Industries International, the District Court for the Southern District of Florida held the President and sole shareholder of a judgment debtor personally liable to creditors for the amount of corporate assets received in preference to its creditors. 688 F.Supp. 1516 (S.D.Fla. 1988). In Mejia v. Ruiz, Florida's Third District Court of Appeal set aside a fraudulent transfer of the sole corporate asset of the judgment debtor and distribution to its two shareholders of the sales price in full knowledge that this would leave the judgment debtor insolvent and unable to satisfy the claim by the creditor. 985 So.2d 1109 (Fla. 3d DCA 2008).

In the instant case, the Judgment Debtor has entered into a long-term lease, not at well-settled market conditions, with the clear purpose to hinder, delay or frustrate the execution of the money judgment against the Judgment Debtor. Despite the written terms of the lease, payments of rent are apparently not made on the date specified in the lease, not even made to the Judgment Debtor, but rather to its President and sole shareholder, Susanne Schache, individually. The Judgment Debtor fails to comply with minimal corporate formalities, such as maintaining proper

corporate books and records, failing to hold director's meetings, failing to file corporate tax returns, to name only a few. Rather, Susanne Schache, as the Judgment Debtor's alter ego, uses the corporate existence of the Judgment Debtor for her personal benefit and to defraud Marolax. In order to avoid further dissipation of the Judgment Debtor's assets a receiver must be appointed to take control over the Judgment Debtor's assets and to administer the lease. Furthermore, the shareholder, Susanne Schache, as well as the tenant Provident must be impleaded to determine the true nature of their actions and to allow Marolax to finally execute on its judgment.

### D.   Appointment of a Receiver

The appointment of a receiver by a federal court exercising diversity jurisdiction is governed by federal law and federal equitable principles. National Partnership Investment Corp. v. National Housing Development Corp., 153 F.3d 1289, 1292 (11th Cir.1998); see Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc., 999 F.2d 314, 316-17 (8th Cir.1993). Rule 66 of the Federal Rules of Civil Procedure specifically provides that an action in which the appointment of a receiver is sought is governed by the federal rules.

In addition to its right to the temporary appointment of a receiver under Federal Rule 66 during the pendency of the proceedings supplementary, this Court also has authority to appoint a corporate receiver pendente lite under Florida Statutes § 56.10.

9

The decision to appoint a receiver lies within the discretion of the Court. <u>Consolidated Rail Corp. v. Fore River Railway Co.</u>, 861 F.2d 322, 326 (1st Cir.1988). Factors the court may consider in the appointment of a receiver are: 1) whether fraudulent activity has occurred or will occur, 2) the validity of the claim, 3) the danger that property will be lost or diminished in value, 4) inadequacy of legal remedies, 5) availability of a less severe equitable remedy, and 6) the probability that a receiver may do more harm than good. <u>Consolidated Rail Corp.</u>, at 326-27, cited with approval in <u>National Partnership Investment Corp.</u>, 153 F.3d at 1291.

Turning to the inquiry whether a fraudulent activity has occurred, courts have held that proof of fraud is not required to support a district court's discretionary decision to appoint a receiver. <u>Aviation Supply Corp. v. R.S.B. I. Aerospace, Inc.</u>, 999 F.2d 314 (8th Cir. 1993)(appointment of receiver was appropriate where transactions of judgment debtor, while not proven fraudulent or otherwise improper, bore badges of fraud: transfer pending the writ of execution and transfer to a relative); <u>see</u>, <u>Chase Manhattan Bank, N.A. v. Turabo Shopping Center, Inc.</u>, 683 F.2d 25, 27 (1st Cir. 1982)(appointment of receiver appropriate where evidence showed unfair and arguably fraudulent dealing on part of debtor, and likelihood of continuing injury to creditor's interests).

In this matter Marolax has shown that the Judgment Debtor has engaged and continues to engage in deliberate conduct designed to hide and transfer the Judgment Debtor's assets outside the reach of its creditors. For example, knowing

10

of the German judgment and in anticipation of a final decision by this Court recognizing and domesticating the foreign money judgment, the Judgment Debtor transferred possession of the sole corporate asset via a lease to a New York company for the next 10 years at below-market terms in an attempt to hinder and delay the execution of the money judgment against the otherwise defunct corporation. While continuing to receive monthly rents from its tenant, Provident, the Judgment Debtor maintains no bank account where those rents are received and pays no taxes on the rents received. In anticipation of enforcement efforts by Marolax through Writs of Garnishment, the Judgment Debtor then altered the written terms of the lease by (1) orally causing its assignment to another New York entity and (2) orally changing the due date of the rent to another, undisclosed date. All actions taken in bad faith by the Judgment Debtor to conceal and hide assets from lawful execution efforts by the Judgment Creditor.

The second factor of validity of the claim is not at issue here. This court has already recognized the German judgment and allowed its enforcement in the State of Florida.

As to the danger that property will be lost or diminished in value, the deliberate nonpayment of taxes by the Judgment Debtor seriously endangers the property and threatens to thwart the rights of the Judgment Creditor in that tax liens and other federal liens and penalties are likely to accrue which would diminish the value of the assets of the Judgment Creditor.

Addressing the remaining factors of whether other adequate relief is available and the balancing of the likely harm caused by the appointment of a receiver versus the benefit of his appointment, the balancing of hardships and the probability of success on the merits weighs heavily in favor of the Plaintiff. Marolax has already succeeded on the merits and is attempting judgment execution. The alternative to the imposition of a receiver would be to move for an immediate foreclosure sale of the real property. However, at current market conditions and through the forced process of an auction, and burdened with a fictitious 10-year lease at below-normal market terms, which any purchaser would have to assume, the property is very likely not to receive a bid sufficient to satisfy the judgment amount. Yet the property is income-producing and Marolax believes that, when managed properly and not burdened with the questionable lease, the property has a market value of approximately $7.5 million. On information and belief, the current tenant, Provident, has sublet the first floor of the three-story building at triple the rent that it has obligated itself to pay to the Judgment Debtor for the entire building, again another action designed to prevent the Judgment Creditor from collecting and enforcing its lawful judgment. The appointment of a receiver would thus help preserve the asset from waste and allow the Judgment Creditor to enforce its lawful judgment.

Marolax asks this Court to order an evidentiary hearing to determine whether the appointment of a corporate receiver is warranted at this time.

WHEREFORE, the undersigned respectfully requests the entry of an Order (a) granting Proceedings Supplementary pursuant to Fla. Stat. § 56.29; (b) directing

the Judgment Debtor to appear before this Court or a designated Magistrate to be examined at a time and date specified by this Court concerning their assets, and to show cause why the U.S. Marshal shall not seize the corporate assets of the Judgment Debtor, including its stock, and goodwill associated therewith, to be applied toward the satisfaction of the judgment; (c) impleading Susanne Schache, Provident Holding LLC, and Provident Naples LLC; (d) ordering an evidentiary hearing to determine the appropriateness of the appointment of a receiver to manage the assets of the Judgment Debtor pending final disposition of this matter; and (e) granting Marolax their costs for these Proceedings Supplementary, as well as other reasonable and just incidental cost, as well as reasonable attorney's fees against the Judgment Debtor pursuant to § 56.29(11).

Respectfully submitted,

  /s/ Clemens W. Pauly_____
**Clemens W. Pauly, Esquire**
Fla. Bar No.: 0011357
LANGSTADT PAULY CHARTERED
*Attorneys for the Plaintiff*
815 Ponce de Leon Boulevard, Suite 201
Coral Gables, FL 33134
Telephone (305) 648-3909
Facsimile (305) 648-3910

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 19, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Stanley A. Bunner, Esq., SALVATORI & WOOD P.L., 4001 Tamiami Trail North, Suite 330, Naples, Florida 34103.

  /s/ Clemens W. Pauly_____
Clemens W. Pauly, Esq.