UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAROLAX HANDELS-UND VERWALTUNGSGESELLSCHAFT MBH,

    Plaintiff,

vs.    Case No. 2:06-cv-691-FtM-29SPC

898 5TH AVENUE SOUTH CORP.,

    Defendant.

SUSANNE SCHACHE, PROVIDENT HOLDING, LLC, and PROVIDENT NAPLES, LLC

    Impleaded Defendants

_____

**OPINION AND ORDER**

This matter is before the Court on plaintiff's Motion for an Appointment of a Receiver (Doc. #78), to which a Memorandum in Opposition (Doc. #81) was filed. The Magistrate Judge filed an Order (Doc. #99) on December 17, 2008, granting the motion in part. On January 20, 2009, the undersigned sustained defendant's Objection (Doc. #103) to the magistrate judge's Order, deemed the Order to be a Report and Recommendation, and directed that any objections be filed within ten days. On January 30, 2009, defendants filed Objections (Doc. #115), and on February 6, 2009, plaintiff filed a Response to Defendants' Objections (Doc. #116).

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify

the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong. § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

**II.**

Plaintiff received a judgment in Germany against defendant for approximately $6.5 million. The background has been summarized by the Court in the Opinion and Order (Doc. #51, pp. 2-7) filed on April 16, 2008, which will be adopted but not repeated here. The Court recognized the German judgment, allowed it to be recorded, and directed enforcement in the same manner as the judgement of a court of the State of Florida. (Doc. #51, p. 11.)

Plaintiff's Motion for Appointment of Receiver requested "the appointment of a receiver to marshal the assets of the Judgment Debtor and prevent further dissipation of the sole corporate asset." (Doc. #78, p. 4.) In the Order, the magistrate judge

granted the motion in part, stating that "the Court will appoint the receiver to receive the rental income only and not to take total control of the property." (Doc. #99, p. 5.) After this Order was converted to a Report and Recommendation, defendant filed the objections (Doc. #115) presently before the Court.

### III.

Appointment of a receiver in federal court is a matter of federal law. FED. R. CIV. P. 66; National P'ship Inv. Corp. v. National Hous. Dev. Corp., 153 F.3d 1289, 1291 (11th Cir. 1998). In this case plaintiff seeks appointment of a receiver in order to assist in the collection of the judgment that has now been recognized by this Court. When a receiver is sought for the purpose of collection on a judgment, an evidentiary hearing is not required when the files and records of the case, together with the pleadings, briefs, and uncontroverted assertions of the parties show that the appointment is warranted. Citronelle-Mobile Gathering, Inc. v. Watkins, 934 F.2d 1180, 1189 (11th Cir. 1991). Appointment of a receiver is warranted when "such an appointment is necessary" Watkins, 934 F.2d at 1187, after considering and weighing the potential harm to the parties, id. at 1188-89. The stricter pre-judgment standards for the appointment of a receiver are not applicable. Watkins, 934 F.2d at 1188-89. See also Warshall v. Price, 617 So. 2d 751 (Fla. 4th DCA 1993). Nonetheless, the Court considers the appointment of a receiver to be a drastic and extraordinary remedy. Watkins, 934 F.2d at 1188.

After a *de novo* review of the record, the Court is not convinced that plaintiff has satisfied the standard for appointment of a receiver. Defendant has a single asset. A limited receivership such as approved by the magistrate judge would be detrimental if the receiver took the rents and the corporation was unable to maintain the property, the only asset. While there are facts which rightly caused concern to the magistrate judge, the Court does not find the evidence convincing enough to show an intentional depletion of the single asset or other fraudulent conduct by defendant to avoid paying the judgment. Plaintiff has other available remedies, including garnishment and foreclosure on the property. Therefore, after conducting an independent examination of the record, the Court rejects the Report and Recommendation and will deny plaintiff's Motion for an Appointment of a Receiver.

Accordingly, it is now

**ORDERED**:

The Order (Doc. #99), deemed a Report and Recommendation, is hereby **rejected** for the reasons stated herein. Plaintiff's Motion for an Appointment of a Receiver (Doc. #78) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___15th___ day of June, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
United States Magistrate Judge

Counsel of Record
Unrepresented parties